*In re* ZAGELMEYER'S ESTATE.

CLAIM OF ZAGELMEYER AUTO CAMP COMPANY.

Corporations—Book Entries—Rents—Evidence.

In proceeding against estate of deceased corporation president, evidence of book entries on corporation's books, which had been made under his direction, *held,* insufficient to sustain corporation's claim for rentals received from occupants of other portions of building owned by him under an alleged rental contract whereby it rented the whole building, paid watchman, water and heating expenses, cost of fire insurance, and six per cent. interest on $14,000 valuation of the premises with right to rentals paid by other tenants.

Appeal from Bay; McCormick (James L.), J. Submitted October 22, 1940. (Docket No. 103, Calendar No. 41,302.) Decided January 6, 1941.

In the matter of the estate of Frank Zagelmeyer, deceased. Zagelmeyer Auto Camp Company, a corporation, presented its claim for rentals of building alleged to have been leased from him and occupied in part by others. Claim allowed in probate court

was disallowed on appeal in the circuit court. Plaintiff appeals. Affirmed.

*Frank C. Patterson* and *John M. Patterson,* for plaintiff.

*Hand & Hand,* for defendant.

WIEST, J. Plaintiff company filed a claim in the probate court against the estate of Frank Zagelmeyer, deceased, for money had and received. The claim was allowed in the probate court but, on appeal, was disallowed in the circuit court. Plaintiff reviews by appeal.

The claim is based upon an alleged rental contract. The company was organized in 1921 for the manufacture of auto trailers and trailer parts and Mr. Zagelmeyer was its president and general manager until his death in October, 1938. Mr. Zagelmeyer owned the building to which the company was moved in August, 1926, and occupied a part thereof to the time of Mr. Zagelmeyer's death. There was no written lease. The affairs of the company were left largely to the management of Mr. Zagelmeyer and the claim here involves the terms of the lease under which he, as manager, rented his building, or a part thereof, to the company. Parts of the building were let by Mr. Zagelmeyer to others, and it is the claim of plaintiff that it rented the whole building and under the terms it was to pay the watchman, water and heating expenses, cost of fire insurance, interest at six per cent. per annum upon a $14,000 valuation of the premises, with the right of the company to the rentals paid by the other tenants.

The evidence on this issue is meager and rests upon entries on the books of the company made by the bookkeeper under the direction of Mr. Zagel-

meyer. The book entries charged Mr. Zagelmeyer with rentals received by him from the other tenants until 1932. Plaintiff's claim is based upon a rental agreement and does not involve a reasonable rental for occupation of a part of the building.

In the circuit court trial of the issues was commenced before a jury but, by agreement, the jury was discharged and the issues submitted to the court.

The circuit judge, after reviewing the evidence, stated:

"It is my conclusion instead of the book entries showing that the rental contract for the years 1926 to 1932, inclusive, was on the basis of carrying charges and interest on the investment, less other rentals received, they show that so far as there was a contract, either express or implied, it was that the company should pay the rent charged against it on the books of the company. It therefore follows that plaintiff has failed to maintain its claim on the theory upon which the claim is based, *viz.*, misappropriation of rentals received from other parties."

Our examination of the record brings us in accord with the opinion of the circuit judge. The judgment is affirmed, with costs to appellee.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, MCALLISTER, and BUTZEL, JJ., concurred.